BRIAN L. WILLIAMS, State Bar No. 227948
  BWilliams@GGTrialLaw.com
DANIEL S. CHA, State Bar No. 260256
  DCha@GGTrialLaw.com
EMILY N. ENGLER, State Bar No. 329264
  EEngler@GGTrialLaw.com
**GREENBERG GROSS LLP**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

MICHAEL RECK, State Bar No. 209895
  MReck@AndersonAdvocates.com
HAGEREY MENGISTU, State Bar No. 290300
  Hagerey@AndersonAdvocates.com
**JEFF ANDERSON & ASSOCIATES**
12011 San Vicente Boulevard, Suite 700
Los Angeles, California, 90049
Telephone: (310) 357-2425
Facsimile: (651) 297-6543

Attorneys for Plaintiffs Veronica Hernandez, R.H., and M.H.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VERONICA HERNANDEZ; R.H., a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ; and M.H., a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF FRESNO, a public entity; PROTEUS, INC. a corporation; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SOCIAL WORKER, an individual; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SUPERVISOR, an individual; and DOES 1-40, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES for:** <br><br> 1) Deprivation of Civil Rights, 14th Amendment (42 U.S.C. § 1983) <br> 2) Monell Claim (42 U.S.C. § 1983) <br> 3) Breach of Mandatory Duties (California Government Code § 815.6) <br> 4) Negligence <br> 5) Negligent Supervision <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs VERONICA HERNANDEZ, R.H., a minor by and through her Guardian ad Litem VERONICA HERNANDEZ, and M.H., a minor by and through her Guardian ad Litem VERONICA HERNANDEZ, allege as follows:

COMPLAINT

**JURISDICTION**

1.      This action is brought pursuant to 42 USC § 1983 for Defendants' actions and omissions taken under the color of law, which deprived Plaintiffs of fundamental rights secured to them under the United State Constitution, including the Fourteenth Amendment, and under federal and state law. Jurisdiction is conferred by 28 USC §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court for all suits brought pursuant to 42 USC § 1983. Jurisdiction is also conferred by 28 USC § 1331 because the claims for relief derive from the United States Constitution and the laws of the United States. This Court also has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 USC § 1367.

**VENUE**

2.      Venue is proper in the Eastern District because a substantial part of the events or omissions giving rise to the claim occurred in this District, and it is believed that all parties currently reside in the County of Fresno.

**PARTIES**

3.      Plaintiffs are the victim of sexual battery, assault, abuse, and harassment at the hands of Defendants.  While Plaintiffs were dependents entrusted to the COUNTY OF FRESNO, they were placed in the home of a foster parent who used his role and authority as a caretaker and parental figure to gain access to and sexually assault Plaintiffs, who were minors at the time.  Defendants knowingly, intentionally, deliberately, negligently, and recklessly fostered an environment that utterly disregarded the rights and safety of young minors who were entrusted to the COUNTY OF FRESNO for their safety and care.  As a result, Plaintiffs have suffered humiliation, shame, and horror, and they will continue to suffer for the rest of their lives.

4.      Plaintiff Veronica Hernandez is an adult female currently residing in Fresno County, within the state of California. Plaintiff was born in 2002 and was a minor throughout the period of child sexual assault alleged herein.  Plaintiff brings this Complaint pursuant to California *Code of Civil Procedure* section 340.1, as amended by Assembly Bill 218, for the childhood sexual assault she suffered at the hands of Defendants. Thus, Plaintiff's claims for damages suffered as a result of childhood sexual assault are timely filed as they are filed within three years of January 1, 2020, and

filed within 22 years of the date Plaintiff attained the age of majority.  Pursuant to California *Government Code* section 905(m), as amended by Assembly Bill 218, Plaintiff is specifically exempt from the claims presentation requirement for her state law claims against Defendants.

5.      Plaintiff R.H. ("R.H.") by and through her guardian ad litem, Veronica Hernandez, is a minor child born in 2005. At the time of the events alleged herein, Plaintiff R.H. was approximately 9 to 11 years old. Plaintiff R.H. brings this Complaint pursuant to California *Code of Civil Procedure* section 340.1, as amended by Assembly Bill 218, for the childhood sexual assault she suffered at the hands of Defendants. Pursuant to California *Government Code* section 905(m), as amended by Assembly Bill 218, Plaintiff is specifically exempt from the claims presentation requirement for her state law claims against Defendants.

6.      Plaintiff M.H. ("M.H.") by and through her guardian ad litem, Veronica Hernandez, is a minor child born in 2004. At the time of the events alleged herein, Plaintiff M.H. was approximately 10 to 12 years old. Plaintiff M.H. brings this Complaint pursuant to California *Code of Civil Procedure* section 340.1, as amended by Assembly Bill 218, for the childhood sexual assault she suffered at the hands of Defendants. Pursuant to California *Government Code* section 905(m), as amended by Assembly Bill 218, Plaintiff is specifically exempt from the claims presentation requirement for her state law claims against Defendants.

7.      Prior to the time of the incidents upon which Plaintiffs' claims are based, the Juvenile Court for the County of Fresno had declared Plaintiffs to be dependents of the Juvenile Court. Thus, Plaintiffs at all times herein mentioned were "foster children" as defined by the Welfare Institution Code, and dependents of the Juvenile Court. This action is subject to the provisions of Title 22 of the California Code of Regulations and Title 31 of the California Code of Regulations, and at all times referenced herein, these foster children were entitled to all the protections and remedies afforded to such defined persons under the laws of the State of California.

8.      Defendant COUNTY OF FRESNO ("County") is a political subdivision of the State of California, by virtue of the laws of the State of California. At all times herein mentioned, County and/or Fresno County Department of Social Services are public entities and are responsible for the placement and supervision of foster children. On information and belief, Defendant County operates

1    and manages Fresno County Department of Social Services ("DSS") and is responsible for the

2    actions or inactions and the policies, procedures, and practices/customs of all DSS, and those of

3    employees and/or agents of DSS. This specifically includes but is not limited to DOE FRESNO

4    COUNTY DEPARTMENT OF SOCIAL SERVICES SOCIAL WORKER ("DOE DSS Social

5    Worker"), DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SUPERVISOR

6    ("DOE DSS Supervisor") and DOES 1-20. Plaintiffs allege that Defendant County, DOE DSS Social

7    Worker, DOE DSS Supervisor, and DOES 1-20 have duties to implement policies and programs

8    designed, among other things, to protect the legal and human rights of children receiving services

9    from foster family agencies and to ensure that the agencies so established are adequate and safe.

10    9.    Defendant Proteus Foster Family Agency ("Proteus FFA") is, and at all times relevant

11    hereto, an organization engaged in the recruiting, certifying, and training of, and providing

12    professional support to, foster parents, or in finding home or other places for placement of children

13    for temporary or permanent care as an alternative to a group home, operating pursuant to an

14    agreement between Proteus FFA and Defendant County. Defendant Proteus FFA, as a licensed foster

15    family agency, is a licensed community care facility defined by the California Community Care

16    Facilities Act (Health & Safety Code sections 1500 et seq.). Defendant Proteus FFA is not, and never

17    has been, a public entity. Defendant Proteus FFA is, and at all times has been, a private entity and is

18    not eligible for any qualified discretionary act immunities afforded to public entities and their

19    employees. Defendant Proteus FFA is responsible for the actions or inactions and the policies,

20    procedures, and practices/customs of its employees and/or agents of Proteus FFA. This specifically

21    includes but is not limited to DOES 21-40, who are social workers or other employees employed by

22    Proteus FFA to provide supervision and services to foster children placed by Defendant County with

23    Proteus FFA, and the foster parents and/or caregivers licensed and certified by Proteus FFA.

24    10.    On information and belief, at all times material hereto, Defendants were the agents,

25    representatives, servants, employees, partners, and/or joint venturers of each and every other

26    Defendant and were acting within the course and scope of said alternative capacity, identity, agency,

27    representation and/or employment and were within the scope of their authority, whether actual or

28    apparent. Each of the Defendants is responsible in some manner for one or more of the events and

happenings described herein.  Each Defendant approved and/or ratified the conduct of each other Defendant.  Consequently, each Defendant is jointly and severally liable to Plaintiff for the damages sustained as a proximate result of his, her, or its conduct.  Each of the Defendants proximately caused the injuries and damages alleged.

11.     Each of the Defendants aided and abetted each other Defendant.  Each Defendant knowingly gave substantial assistance to each other Defendant who performed the wrongful conduct alleged herein.  Accordingly, each Defendant is jointly and severally liable for the damages proximately caused by each other Defendant's wrongful conduct.

12.     Each of the Defendants is, and at all relevant times herein mentioned was, the co-conspirator of each other Defendant, and, therefore, each Defendant is jointly and severally liable to Plaintiff for the damages sustained as a proximate result of each other Defendant.  Each Defendant entered into an express or implied agreement with each of the other Defendants to commit the wrongs herein alleged.

13.     Whenever reference is made to "Defendants" in this Complaint, such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

## GENERAL FACTUAL ALLEGATIONS

### I.  *Plaintiffs Are Removed from Their Parents and Placed in the Mendoza Home.*

14.     In or around 2008, the Plaintiffs became dependent minors of the Fresno County Juvenile Court and were placed in the custody, supervision, care, and control of Defendant County for the purpose of providing care, supervision and control of the minors' health, welfare, safety and care. At such time the rights, duties and responsibilities of the minor Plaintiffs' parents or guardians were suspended, and such duties and obligations were assumed by the County, and such individuals or entities to whom it delegated such duties. On information and belief, pursuant to an agreement between Defendant County and Proteus FFA, Plaintiffs and their siblings were placed into a foster home licensed, managed, and supervised by Proteus FFA and DOES 21-40.

15.     In or around 2014, Proteus FFA placed Plaintiffs and their siblings—who were also minor dependents in the care and custody of the County—into the home of Eli and Martha Mendoza (the "Mendoza home"). On information and belief, Eli Mendoza ("Eli") and his wife Martha

Mendoza ("Martha") were foster parents that had been screen, licensed, and approved by Proteus FFA and/or Defendant County. On further information and belief, Martha is also known as Martha Meza, and Eli is also known as Rodimiro Meza Arciga, amongst other aliases.

16.     Almost immediately, the Mendozas began engaging in neglectful and abusive conduct towards Plaintiffs and their siblings. The Mendozas prevented Plaintiffs from going to church and worshipping in their faith, cut off all contact between Plaintiffs and prior foster parents and caretakers they had resided with for no legitimate reason, failed to provide Plaintiffs and their siblings with adequate clothes, and failed to provide adequate food to Plaintiffs and their siblings. This neglect was open, obvious, and primed Plaintiffs for further abuse. Defendants failed to notice these open and obvious red flags, despite having a duty to conduct regular face-to-face visits with the minors. Defendants either failed to conduct regular face-to-face contacts with the minors in accordance with their case plans, and/or failed to investigate these obvious signs of abuse and/or neglect. This failure emboldened Eli to begin sexually abusing Plaintiffs inside his home.

## II. *Eli Sexually Abuses Plaintiffs*

17.     Plaintiffs and their young siblings resided in the Mendoza home from approximately 2014 to 2016. During this time period, Plaintiffs and their siblings remained dependents of the Juvenile Court, and thus under all Defendants' care while residing in the Mendoza home. As ordered by the Juvenile Court, Defendant County was required to conduct a certain number of face-to-face contacts with each Plaintiff, pursuant to their individualized case plan. On information and belief, these face-to-face contacts were required to be conducted outside the presence of the Mendozas. Indeed, California Department of Social Services (CDSS) Manual of Policies and Procedures (MPP), established pursuant to Welfare & Institutions Code Section 16501, section 31-320 mandates that a social worker shall visit each child with an approved case plan who remains in the home at least once each calendar month, with the majority of visits with the child in each calendar year taking place in the child's foster home/placement. Whenever possible and practicable, the social worker shall visit the child alone and in a quiet and private setting. Tragically, these visits did not occur as mandated by the Juvenile Court and did not occur outside the presence of the Mendozas. Thus,

Case No.

1  Plaintiffs were not free to disclose the neglect and abuse they were suffering on a daily basis inside
2  the Mendoza home.

3      18.    Regularly during the time period in which she was in the Mendoza home, R.H. was
4  sexually assaulted, molested, and raped by Eli, beginning when she was approximately 9 years old.
5  This includes, but is not limited to Eli touching her genitals, Eli forcing R.H. to touch his genitals,
6  and Eli raping R.H. when she showered. Eli would often go inside R.H. and M.H.'s shared room at
7  night to commit these crimes.

8      19.    On almost a daily basis while she was residing in the Mendoza home, M.H. was also
9  sexually assaulted, molested, and raped by Eli, beginning when she was approximately 10 years old.
10 This includes, but is not limited to Eli touching her genitals, and Eli raping M.H. inside her bedroom.
11 In line with his pattern and practice as to R.H., Eli would often go inside R.H. and M.H.'s shared
12 room at night to abuse M.H.

13     20.    Plaintiff Veronica Hernandez was also sexually assaulted by Eli. On one occasion in
14 or about 2015, Eli forced Veronica into his bedroom, where he got on top of her and began sexually
15 assaulting her. Eli proceeded to attempt to take off Veronica's clothes and attempted to rape her. At
16 the time, Veronica was only approximately 13 years old.

17     **III. *R.H.'s Sexual Abuse is Reported and Inadequately Investigated***

18     21.    In or around 2015, one of Plaintiffs' older siblings found R.H.'s journal, in which
19 R.H. had described the sexual assaults she had been suffering. On information and belief, this was
20 reported to Defendant Proteus FFA and the County. On further information and belief, the County
21 opened an emergency referral and sent a social worker to investigate the sexual assault allegations.
22 On information and belief, R.H.'s journal was given to the County's investigating social workers.

23     22.    Pursuant to CDSS MP 31-125, the social worker investigating the referral shall have
24 in-person contact with all of the children alleged to be abused, neglected, or exploited, and at least
25 one adult who has information regarding the allegations. Here, the County violated this regulation.
26 The investigating social workers did not interview all the children in the home. Indeed, Plaintiff
27 Veronica Hernandez was not interviewed at all. While the County's social workers did briefly
28 question M.H. and R.H., they were questioned in the living room in front of all their siblings ***and***

*the Mendozas*. Terrified, R.H. and M.H. felt forced to deny the sexual abuse to the social workers, in fear of Eli who was present during the entire "investigation." On information and belief, Defendants confiscated R.H.'s journal, and closed the referral without taking any further action. Defendants did not conduct a forensic examination or provide any type of medical treatment or evaluation of Plaintiffs. Once Defendants left the home, R.H. was punished severely by Eli. As a result of Defendants' conduct, Plaintiffs continued to be sexually assaulted by Eli.

23.     Pursuant to CDSS MP 31-501, the County is required to report every known or suspected instance of child abuse and/or neglect as defined in Penal Code Section 11165.6, to law enforcement departments and the District Attorney's Office, as specified in Penal Code Section 11166(j). When the County receives a report of known or suspected child abuse and/or neglect that has allegedly occurred in a licensed facility, the county shall notify the licensing office with jurisdiction over the facility, as specified in Penal Code Sections 11166.1 and 11166.2. When the County receives a report of known or suspected child "abuse or neglect in out-of-home care," including a child placed in the home of a relative or non-related extended family member, the county shall create a new referral. On information and belief, County failed to report this suspected instance of child abuse to a law enforcement department or the District Attorney's Office. Other than the County's investigating social workers who briefly interviewed Plaintiffs, no member of law enforcement ever investigated or interviewed Plaintiffs or any member of Plaintiffs' family.

24.     On another occasion, R.H. and M.H. refused to leave school because they were too scared to return to the Mendoza home. On information and belief, the school contacted the County, who sent either County or Proteus FFA social workers to investigate. Tragically, R.H. and M.H. were not asked why they did not want to return home. Instead, Defendants simply instructed R.H. and M.H. that they must return and dropped them off with Eli without taking any further action.

25.     Later in or around 2016, Plaintiffs were finally removed from the Mendoza home. This followed an incident where Eli engaged in a violent physical altercation with one of Plaintiffs' brothers, who was also a minor dependent inside the home. Eli began physically fighting with Plaintiffs' brother in the street, and the police were called. On information and belief, Proteus FFA made the determination to remove all children from the Mendoza home. However, neither the

County nor Proteus FFA took any action to discipline or investigate Eli. Indeed, Defendants allowed the Mendozas to foster additional children. On information and belief, Eli was eventually arrested in 2016 and charged with two felony counts of lewd acts on a child. On further information and belief, this victim was a 14- or 15-year-old dependent minor who had been placed in his care as a foster parent by Defendants.

## IV. *Defendants were Negligent in their Duties to Plaintiffs*

26.    The County has primary jurisdiction and control of the DSS foster care system including, but not limited to, individuals and facilities established, regulated, licensed, and controlled under the Community Care Facilities Act. Defendant County has primary jurisdiction over the placement, protection and care of juvenile dependents of the County of Fresno while they are in foster care.

27.    Defendant County maintains primary jurisdiction, control, and responsibility for the health, safety, protection, and well-being, of juvenile dependents while in foster care, which is co-existent with the entities and individuals to which it delegates authority, including foster family agencies, such as Proteus FFA, and other foster care providers. Consequently, Defendant County therefore at all times retains primary jurisdiction, control, and responsibility for insuring the health, safety, protection, and well-being of minor dependents while in foster care.

28.    Defendant County has the primary jurisdiction and a continuing responsibility to investigate the background, history and qualifications of all persons who provide foster care, or who own, operate, or are employed by community care facilities, to insure the health, safety, well-being and protection of minors placed into foster care.

29.    Mendoza home was licensed or approved as a foster family home or was otherwise certified by either County or Proteus FFA to provide 24-hour care of children. The Mendozas had the responsibility for the provision of foster care to Plaintiffs pursuant to the Juvenile Court's order and/or a placement agreement.

30.    Defendants Proteus FFA's and DOES 21-40's duties toward Plaintiffs as a licensed foster family agency and certified foster parent operating under the license of a foster family agency were prescribed by statute and by regulation. Neither Plaintiffs nor Plaintiffs' parents had any legal

COMPLAINT                                              Case No.

right or ability to remove Plaintiffs from the foster home of the Mendozas. Defendant Proteus FFA knew, or in the proper exercise of its duties and responsibilities would have known, that the foster parent Eli was unfit and had propensity to sexually assault minor female dependents placed in his care.

## FIRST CLAIM FOR RELIEF

## DEPRIVATION OF CIVIL RIGHTS—FOURTEENTH AMENDMENT

### (42 U.S.C. § 1983)

### (By Plaintiffs R.H. and M.H. against DEFENDANTS DOE DSS SOCIAL WORKER, DOE DSS SUPERVISOR, and DOES 1-20)

31.    Plaintiffs repeat, re-allege, and incorporate herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

32.    The Fourteenth Amendment protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a foster parent because once the government assumes custody and care of a child, it owes that child reasonable safety and minimally adequate care. *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842-843 (9th Cir. 2010). Plaintiffs R.H. and M.H. held protected liberty interests in being shielded from harm inflicted by a foster parent and had a special relationship with Defendant County, as DSS has assumed Plaintiffs' custody and care.

33.    Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, and each of them, acted under color of state law.

34.    Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, and each of them, received at least one—and potentially multiple—referrals and/or reports that Eli was sexually and physically abusing Plaintiffs and their siblings. Despite these referrals, the County, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 chose to: (1) unreasonably and/or inadequately investigate the abuse allegations, (2) ignore the obvious signs of abuse and neglect, (3) allow Plaintiffs to remain in Eli's care, (4) continue to approve Eli as a foster parent (5) to conduct an inadequate background check on Eli, and/or (6) suppress the sexual abuse allegations from the Juvenile Court. At all times relevant hereto, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 were acting under the color of law. Further, this conduct was

objectively unreasonable and amounted to deliberate indifference, and paved the way for Eli to continue sexually abusing R.H. and M.H.

35.    On information and belief, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, and each of them, were aware of facts supporting an inference of substantial risk of Eli's abuse of Plaintiffs. DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 either drew that inference or a reasonable official in the same circumstances would have been compelled to draw that inference.

36.    R.H. and M.H. would not have faced Eli's sexual abuse if the County, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, and each of them, had provided adequate protection and safety.

37.    As a direct and proximate result of Defendants' conduct, R.H. and M.H.'s rights arising under the Fourteenth Amendment were violated; and Plaintiffs R.H. and M.H. suffered damages thereby, as according to proof at trial.

## SECOND CLAIM FOR RELIEF

### *MONELL* CLAIM

**(42 U.S.C. § 1983)**

**(By Plaintiffs R.H. and M.H Against Defendant County)**

38.    Plaintiffs repeat, re-allege, and incorporate herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

39.    Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, and each of them, acted pursuant to an expressly adopted policy or longstanding practice or custom of Defendant County.

40.    Defendant County maintained the following unconstitutional policies, practices, or customs:

a.    Assigning foster children to foster parents without adequate background checks, failing to provide adequate supervision of foster children, and failing to investigate reports of potential neglect or abuse;

b.      Providing inadequate training regarding placement, background checks, supervision of foster children, or investigating reports of potential neglect or abuse; and

c.      Inadequately supervising and disciplining employees whom the County knew had violated foster children's constitutional rights as set forth above.

41.      Based on the duties charged to the County and its social workers, including the duty to protect a child under its custody and supervision, the County knew or should have known of the need to establish policies, customs, and/or practices required to protect the civil rights of children with whom their agents regularly came into contact. This includes the need to adequately train its social workers.

42.      The County's tolerance of a practice of inadequate background checks, supervision, and investigation of reports of potential neglect or abuse, the County's inadequate training of its employees, and failure to supervise and discipline its employees reflects the County's deliberate indifference to the foreseeable effects and consequences of its customs, practices, and policies with respect to the constitutional rights of foster children such as Plaintiffs R.H. and M.H. and others similarly situated.

43.      The County's customs, practices, and policies caused the violation of Plaintiffs R.H.'s and M.H.'s constitutional rights.   When Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 failed to protect R.H. and M.H. from harm and failed to provide reasonable safety and minimally adequate care, they were acting pursuant to and in accordance with the County's customs and practices. When DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 failed to adequately investigate allegations of sexual abuse perpetrated by Eli's against R.H., failed to remove Plaintiffs from Eli's custody while investigating allegations of sexual abuse perpetrated by Eli's against R.H., and failed to interview Plaintiffs outside the presence of Eli while investigating allegations of sexual abuse perpetrated by Eli's against R.H. they were acting pursuant to and in accordance with the County's customs and practices. Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 had supervisor approval of their actions.

44.      The County did not investigate or discipline Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20 for failing to protect M.H. and R.H. from Eli and failing

to ensure Plaintiffs' reasonable safety and minimally adequate care. The County ratified and/or approved of Defendants DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20's conduct involving R.H. and M.H.

45.    Based on information and belief, the following are examples of cases supporting the existence of the County's unconstitutional customs, practices, and policies:

a.    *L.O. v. County of Fresno*, Fresno Sup. Ct. Case No. 21CECG00289 – the plaintiff was allegedly placed in a foster home with a foster parent with a known history of criminal sexual misconduct, and defendants allegedly failed to conduct an adequate background check, to investigate potential abuse, to supervise the plaintiff, and to adequately train employees, which resulted in the abuse of the plaintiff from November 2000 to April 2001;

b.    *Y.V. v. County of Fresno*, Fresno Sup. Ct. Case No. 22CECG02413 – the plaintiff was allegedly placed in foster care in 1999, and from 2000 to 2004 was abused by the foster mother's adult nephew who resided in the home; the plaintiff allegedly reported the abuse to her social worker, an agent or employee of the County a few months after the abuse began, in 2001, but there was no investigation, and the abuse continued;

c.    *Briseno v. County of Fresno*, Fresno Sup. Ct. Case No. 06CECG00975 – the plaintiff minor child was allegedly placed in a foster home with a foster family that included a member that had a propensity for sexual misconduct, which resulted in two years of abuse of the plaintiff between 2003 and 2005;

d.    *A.D. v. County of Fresno*, Fresno Sup. Ct. Case No. 21CECG00434 – the plaintiff was allegedly placed in foster care from 2006 to 2009 with foster parents after prior foster children reported sexual abuse at the hands of the foster father; in or about 2007, the plaintiff's biological mother allegedly reported physical signs of abuse on the plaintiff's body to the County's social services department, but they failed to report or investigate and otherwise failed to take measures to prevent further abuse; later, the plaintiff allegedly informed her biological grandmother of the abuse, which was reported to the County's social services department, but they again failed to report or investigate;

e.    *A.A. v. County of Fresno*, Fresno Sup. Ct. Case No. 21CECG00432 – the plaintiff was allegedly placed from 2005 to 2016 with a foster parent who repeatedly sexually abused the plaintiff; multiple individuals allegedly reported suspected abuse to the County's social services department, but they failed to investigate and otherwise failed to take measures to prevent further abuse;

46.    As alleged herein, the County's actions and inactions were the moving force behind Plaintiffs' injuries, and as a result, Plaintiffs have sustained general and special damages, in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**

**FAILURE TO PERFORM MANDATORY DUTIES**

**(Breach of Mandatory Duties – California Government Code § 815.6)**

**(By all Plaintiffs Against all Defendants)**

47.    Plaintiffs repeat, re-allege, and incorporate herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

48.    California Government Code, § 820 provides that an employee of a public entity is liable for his or her acts or omissions to the same extent as a private person, and under California Government Code, § 815.2 the public entity that employs the individual is vicariously liable for the torts of its employees committed in the scope of employment.

49.    Defendants violated and/or breached mandatory and nondelegable duties. This includes, but is not limited to, those set forth in regulations in the California Department of Social Services (CDSS) Manual of Policies and Procedures (MPP) established pursuant to Welfare & Institutions Code Section 16501 and set forth in the California Penal Code.

50.    The specific regulations and laws violated by Defendants, include, but are not limited to the following:

a.    CDSS MPP Regulations 31-320 and 31-330, by failing to adequately conduct face-to-face contacts with Plaintiffs.

b.    CDSS MPP Regulations 31-501, by failing to report and/or adequately investigate reports of neglect and/or abuse of Plaintiffs and other minors placed with Eli.

c.      CDSS MP 31-125, by failing to have in-person contact with all of the children alleged to be abused, neglected, or exploited after receiving reports of sexual abuse of Plaintiffs by Eli.

d.      CDSS MPP Regulations 31-445(i), by failing to monitor Plaintiffs' physical and emotional condition, and failing to take necessary actions to safeguard Plaintiffs' growth and development while in Eli's placement.

e.      Cal. Penal Code, § 11166, et seq., by failing to report known and/or suspected neglect and/or abuse of Plaintiffs as well as other minors placed with Eli.

51.    Defendants also breached their mandatory duties, as set forth above, before Plaintiffs and their siblings were placed with the Mendozas in 2014, and when Defendants were required to meet certain pre-placement evaluation and approval duties.

52.    If Defendants had performed their mandatory duties, they would have discovered and/or properly responded to, evidence that Plaintiffs were residing in an unsafe environment, and that Plaintiffs were likely to be, and were, subjected to physical, sexual, emotional and/or psychological abuse, neglect, and mistreatment. Defendants were obligated to conduct face-to-face contacts with Plaintiffs, investigate any suspicious signs of abuse or neglect, adequately investigate referrals, and take measures to protect Plaintiffs and/or to remove Plaintiffs from the placement with Eli. Defendants failed to protect Plaintiffs.

53.    As a proximate result of Defendants' failure to fulfill their mandatory duties, Plaintiffs suffered physical, sexual, emotional, and/or psychological abuse, neglect, and mistreatment.

54.    Defendants County, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, assumed duties to oversee, monitor, and regulate the conduct of their co-Defendants. Plaintiffs relied upon Defendants to fulfill these duties, which served to establish a special relationship between Plaintiffs and Defendants.

55.    Defendants County, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-20, breached other statutory and common law duties by additional specific acts or omissions of which Plaintiffs are presently unaware, due in part to their status as minors at all relevant times

referenced herein. Plaintiffs will seek leave of this Court to amend this Complaint when Plaintiffs discover such acts or omissions.

56.     As a direct and proximate result of Defendants' misconduct, Plaintiffs have suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish, among other things.

### FOURTH CLAIM FOR RELIEF

### NEGLIGENCE

**(By all Plaintiffs Against all Defendants)**

57.     Plaintiffs repeat, re-allege, and incorporate herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

58.     California Government Code, §820 provides that an employee of a public entity is liable for his or her acts or omissions to the same extent as a private person, and under California Government Code, §815.2 the public entity that employs the individual is vicariously liable for the torts of its employees committed in the scope of employment.

59.     In or about 2008, each Plaintiff became a dependent minor of the Fresno County Juvenile Court and were placed in the custody, supervision, care, and control of Defendant County for the purpose of providing care, supervision and control of the minor's health, welfare, safety, and care. At such time the rights, duties and responsibilities of the minor Plaintiffs' parents or guardians were suspended, and such duties and obligations were assumed by the County, and such individuals or entities to whom it delegated such duties. Plaintiffs therefore relied upon the County to perform its oversight, quality of care inspections, and other duties, and upon the DSS and/or private foster care providers and agencies with whom it contracts, to provide such supervision and control over their health, welfare, safety and care, and as a result a special relationship was thereby established between the Plaintiffs and Defendant County under which Defendant county owed Plaintiffs a duty of due care and a duty to protect Plaintiffs from foreseeable harm.

60.     Defendant County has the primary jurisdiction and a continuing responsibility to investigate the background, history and qualifications of all persons who provide foster care, or who own, operate, or are employed by community care facilities, to insure the health,

Case No.

safety, well-being and protection of minors placed into foster care. Plaintiffs reasonably relied on Defendant County to perform its continuing duty to insure the qualifications of persons providing foster care, Proteus FFA and Eli.

61.     Sometime after Plaintiffs being declared dependents of the County of Fresno and placed into the care, custody, and control of the County DSS, Defendant Proteus FFA, a licensed foster family agency, was hired and retained by Defendant County of to provide foster family agency services for Plaintiffs pursuant to a written contract between the County and Proteus FFA. As a licensed foster family agency, Defendant Proteus FFA had the responsibility to provide supervision, care and control of the minor Plaintiffs. Defendant Proteus FFA had the further responsibility to protect Plaintiffs from injury, harm or violation of their personal rights while in its care and to ensure the welfare, health and safety of the minor Plaintiffs. As a result, Plaintiffs relied upon Defendant Proteus FFA to fulfill its duties and responsibilities, and a special relationship was thereby established between Plaintiffs and Defendant Proteus FFA.

62.     Defendants knew or should have known that Eli, who resided at the foster home as a certified and/or licensed foster parent, had a propensity to be, sexually and/or emotionally abusive, neglectful, irresponsible, and that he bad or would commit unlawful acts of sexual abuse, molestation, battery, and harassment, or in the proper exercise of their respective duties and responsibilities would have obtained such knowledge. However, Defendants failed and neglected to properly exercise their respective duties and responsibilities and therefore did not discover such misconduct, take action to stop such misconduct, and/or to report such misconduct to the appropriate authorities. Despite the existence of the special relationships between the Plaintiff and Defendants, Defendants the duty of due care under the special relationship while in the scope of their agency or employment, by failing and neglecting to fulfill or perform their respective duties to control, monitor, care for and protect the health, safety, and well-being of Plaintiffs while in foster care of facilities subject to the County's jurisdiction and control.

63.     As a proximate result of the breach of duty of due care under the respective special relationships created and existing between Plaintiffs and Defendants, Plaintiffs suffered injuries and damages as alleged herein. Plaintiffs suffered physical, psychological and/or sexual abuse, neglect,

and mistreatment, which was reasonably obvious and could, should, and/or would, have been discovered in the exercise of due care including, but not limited to, by investigating reports of suspected physical and/or sexual abuse, by conducting in person interviews outside the presence of the foster caregivers—including the alleged perpetrator, Eli—by interviewing Plaintiffs outside the presence of Eli and Martha where the social workers knew the allegations of sexual abuse were made against him, and by other established methods and procedures for the supervision, care, and oversight of dependent minors while in foster care.

64.    Defendants, and each of them, failed and neglected to establish and implement policies and procedures to insure the health, safety and well-being of Plaintiffs and other minors, including, but not limited to, the failure to develop and institute policies and procedures for conducting periodic examinations, in person interviews, and other methods designed to discover and prevent physical, psychological and unlawful physical and/or sexual abuse, neglect and mistreatment of minor dependents including Plaintiffs. Had Defendants not breached their respective duties of due care under their special relationships, they could, should, or would have discovered evidence of sexual and other abuse, neglect and mistreatment of the Plaintiffs, or of the unfitness and neglect of their foster care providers and taken measures to protect or remove Plaintiffs and their siblings from the Mendoza home.

65.    Thus, as alleged herein, Defendants engaged in negligent and reckless conduct done in conscious disregard for Plaintiffs' safety, in regard to arranging, inspecting, evaluating, protecting, supervising, and controlling the custody of Plaintiffs by placing them into and leaving them in the custody of Eli. Defendants' conduct was the direct, legal, and proximate cause of the injuries and damages Plaintiffs suffered as a result of being sexually assaulted and abused as herein alleged.

66.    As a direct and proximate result of these Defendants' misconduct, Plaintiffs have suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish.

# FIFTH CLAIM FOR RELIEF

## NEGLIGENT SUPERVISION

### (By all Plaintiffs Against all Defendants)

67.    Plaintiffs repeat, re-allege, and incorporate herein by reference all consistent paragraphs of this Complaint as if fully set forth herein.

68.    California Government Code, § 820 provides that an employee of a public entity is liable for his or her acts or omissions to the same extent as a private person, and under California Government Code, § 815.2 the public entity that employs the individual is vicariously liable for the torts of its employees committed in the scope of employment.

69.    In or around 2008, Plaintiffs were declared dependents of the Fresno County Juvenile Court. At this time, Plaintiffs were in the care, custody, supervision, and control of Defendant County for the purpose of providing care, supervision, and control of these minors' health, welfare, safety, and care. At such time, the rights, duties, and responsibilities of Plaintiffs' parents or guardians were suspended, and such duties and obligations were assumed by the County, and such individuals or entities to which it delegated such duties.

70.    Through DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-40's duties and responsibilities—Plaintiffs' detrimental reliance thereon, and Plaintiffs being in the County's custody and care—a special relationship was established between the Plaintiffs and the DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-40. As a result of the special relationship, Defendants had an affirmative duty to supervise Plaintiffs and a duty to come to the aid of Plaintiffs and to prevent neglect and/or mistreatment.

71.    Upon Plaintiffs being declared dependents of the County of Fresno Juvenile Court and placed into the care, custody, and control of the County DSS, Defendant Proteus FFA, a licensed community care facility was hired, retained, or contracted with by Defendant to provide services as a licensed foster family agency for Plaintiffs pursuant to a written agreement, contract, or memorandum of understanding between the County and Proteus FFA. As a licensed foster family agency, Defendant Proteus FFA had the responsibility to recruit, select, train, obtain background investigations on and certify individuals to serve as its foster care providers. Upon being entrusted

with the custody, supervision, care and control of the minor Plaintiffs, Defendant Proteus FFA had the further responsibility to select and place Plaintiffs with one or more foster care provider(s) it had recruited, trained, and certified. Defendant Proteus FFA selected and placed Plaintiffs with its certified foster care providers, Eli and Martha, and thereafter had a continuing duty to supervise, manage and control the placement to ensure the care, health, welfare, and safety of Plaintiffs. Plaintiffs relied upon Defendant Proteus FFA to fulfill its duties and responsibilities, and a special relationship was thereby established between Plaintiff and Defendant Proteus FFA.

72.    Thus, Plaintiffs detrimentally relied upon the County, Proteus FFA, DOE DSS Social Worker, DOE DSS Supervisor, and/or DOES 1-40, to fulfill their duties, which included the duty and responsibility to supervise the foster care and services that Eli was providing to Plaintiffs.

73.    As alleged herein, during the period of time that Plaintiffs were in the County's jurisdiction and control, they were subjected to physical, emotional, and sexual abuse, neglect, and mistreatment by Eli.

74.    Proteus FFA, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-40, knew or with the exercise of reasonable care should have known that Eli was, or had a propensity to be, physically abusive, sexually abusive, neglectful, and/or irresponsible, and that he had or would commit unlawful acts of neglect, sexual abuse, battery, or harassment, or in the proper exercise of their respective duties and responsibilities, would have obtained such knowledge. However, Proteus FFA, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-40, and each of them, failed and neglected to properly exercise their respective duties and responsibilities and therefore did not discover such former and current misconduct, take action to prevent or stop such misconduct, and/or to report such misconduct to the appropriate authorities when it occurred. Instead, Proteus FFA, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-40, allowed Plaintiffs to remain in Eli's care.

75.    Despite the existence of the respective special relationships between the Plaintiffs and the County, Proteus FFA, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-40, and each of them, Defendants breached the duty of due care under the special relationship while in the scope of their agency or employment, by failing and neglecting to fulfill or perform their

respective duties to control, monitor, care for, and protect the health, safety and well-being of Plaintiffs while in Eli's foster care.

76.    As a proximate result of the breach of duty of due care under the respective special relationships created and existing between the Plaintiffs and each Defendant, Plaintiffs suffered severe injuries and damages as alleged herein. Plaintiffs suffered physical, sexual, emotional and/or psychological abuse, neglect, and mistreatment, which was reasonably foreseeable and could, should, and/or would have been prevented in the exercise of due care including, but not limited to, by adequately investigating and properly responding to reports and other information regarding Plaintiffs' sexual, physical, and/or emotional abuse by Eli.

77.    Plaintiffs further allege that the County, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-20, and each of them, failed and neglected to establish and implement policies and procedures to insure the health, safety and well-being of Plaintiffs and other minors, including, but not limited to, the failure to develop and institute policies and procedures for conducting periodic examinations, in person interviews, and other methods designed to discover and prevent psychological, sexual, emotional and unlawful physical abuse, neglect and mistreatment and denial of personal rights of minor dependents, including Plaintiffs.

78.    As a direct and proximate result of these Defendants' misconduct, Plaintiffs have suffered, and will continue to suffer, general and special damages according to proof at trial, including but not limited to, physical and/or mental anxiety and anguish, among other things.

79.    Defendants Proteus, DOE DSS Social Worker, DOE DSS Supervisor, and DOES 1-40's malicious, despicable, and/or wrongful conduct as herein alleged was intentional, done with malice, and/or with a conscious disregard for Plaintiffs' rights, and as a result of this conduct, Plaintiffs are entitled to recover punitive damages according to proof at trial against these Defendants only.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1.    For past, present, and future general damages in an amount to be determined at trial;

Case No.
COMPLAINT

1    2.    For past, present, and future special damages, including but not limited to past,

2    present and future lost earnings, economic damages, and others in an amount to be determined at

3    trial;

4    3.    Any appropriate statutory damages;

5    4.    For cost of suit;

6    5.    For interest as allowed by law;

7    6.    For punitive or exemplary damages as to the individual Defendants and Defendant

8    Proteus FFA;

9    7.    For attorney's fees pursuant to 42 U.S.C § 1983, or otherwise as allowable by law;

10   and

11   8.    For such other and further relief as the Court may deem proper.

12

13   DATED:  September 8, 2022          GREENBERG GROSS LLP

14

15

16                              By:  _____
                                     Brian L. Williams
17                                   Daniel S. Cha
                                     Emily N. Engler
18
                                     Attorneys for Plaintiffs Veronica Hernandez, R.H.,
19                                   and M.H.

20

21

22

23

24

25

26

27

28

-22-
COMPLAINT

Case No.