UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA HERNANDEZ, *et al.*, | Case No. 1:22-cv-01145-ADA-EPG |
| Plaintiff, | |
| v. | ORDER REQUIRING SUPPLEMENT TO MOTION TO APPOINT GUARDIAN AD LITEM |
| COUNTY OF FRESNO, *et al.*, | |
| Defendants. | (ECF No. 5) |

On September 8, 2022, Plaintiff Veronica Hernandez, proceeding individually and on behalf of minor Plaintiffs R.H. and M.H., filed this civil action. (ECF No. 1). Now before the Court is the motion to appoint Plaintiff Hernandez as the guardian ad litem for the minor Plaintiffs. (ECF No. 5). For the following reasons, the Court will require a supplemental filing.

**I.     SUMMARY OF THE MOTION**

The motion states that Plaintiff Hernandez is the older sister of the minor Plaintiffs and has provided care and supervision to them on-and-off since November 2021. The minor Plaintiffs "are not represented by a competent adult at this time." (*Id.* at 4). Plaintiff Hernandez is willing to serve as their guardian ad litem and is fully competent to understand and protect their rights and has no interest adverse to them and is not connected with any adverse party.

The accompanying declaration of Plaintiffs' counsel states that Plaintiff Hernandez and the minor Plaintiffs' biological mother retained counsel's firm to represent the minor Plaintiffs.

1

Counsel did not become involved in this case at the instance of any of the Defendants nor does counsel have any relationship with any of the Defendants. Regarding compensation, counsel declares as follows:

> Greenberg Gross LLP and Jeff Anderson & Associates are representing Plaintiffs pursuant to a contingency fee agreement, and thus have not received any compensation from any individual at this time. Greenberg Gross LLP and Jeff Anderson & Associates expect to receive compensation pursuant to the executed contingency fee agreements at the end of this litigation.

(*Id.* at 7).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>     . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 9th Cir. 1986).

\\\

\\\

### III. DISCUSSION

The minor Plaintiffs lack the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between Plaintiff Hernandez and the minor Plaintiffs. Additionally, there is nothing to indicate that Plaintiff Hernandez would not act in the minor Plaintiffs' best interests.

However, as to Local Rule 202(c)'s requirements for disclosure of the attorneys' interests, while counsel's declaration states that counsel expects to receive compensation under contingency fee agreements, counsel does not identify the amount of such compensation or any specific terms of compensation. Accordingly, the Court will require a supplement on this issue.

### IV. CONCLUSION AND ORDER

For the foregoing reasons, IT IS ORDERED that by no later than September 19, 2022, Plaintiff Hernandez shall file a supplement in support of the motion to appoint guardian ad litem, identifying the amount of compensation that counsel expects to receive in this case. Alternatively, Plaintiff Hernandez may file a copy of the pertinent retention agreements for the Court's review.

IT IS SO ORDERED.

Dated: **September 12, 2022**              /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE