McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Mart B. Oller IV, #149186
7647 North Fresno Street
Fresno, California 93720
Telephone:   (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for COUNTY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VERONICA HERNANDEZ; R.H., a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ; and M.H. a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, a public entity; PROTEUS, INC., a corporation; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SOCIAL WORKER, an individual; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SUPERVISOR, an individual; and DOES 1-40, inclusive,<br><br>Defendants. | Case No. 1:22-cv-01145-ADA-EPG<br><br>**STIPULATION AND ORDER PERMITTING ATTORNEYS FOR DEFENDANTS AND PLAINTIFFS TO REVIEW AND ACCESS JUVENILE RECORDS PERTAINING TO PLAINTIFFS, SUBJECT TO STIPULATED PROTECTIVE ORDER; FURTHER STIPULATION AND ORDER FOR EXTENSION OF TIME FOR DEFENDANTS TO RESPOND TO COMPLAINT UNTIL AFTER DOCUMENTS ARE PRODUCED**<br><br>(ECF Nos. 13, 14) |

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiffs and Defendant COUNTY OF FRESNO ("County"), by and through their respective counsel, as follows:

RECITALS:

1. Plaintiffs seek damages in this case from Defendants for alleged violation of federal civil rights under 42 U.S.C. § 1983 and violation of California law on allegations of sexual battery and other abuse committed against Plaintiffs, as minors at the times of the assaults. *See* Complaint (Doc. 1) ¶¶ 3-7.

2. The Complaint alleges Plaintiffs, at the time of the incidents upon which their claims are based, were declared dependents of the Fresno County Juvenile Court, and at all times of the

incidents sued upon were "foster children" as defined by the California Welfare & Institutions Code, and as such were placed in the custody, supervision, care and control of Defendant County of Fresno; in that capacity they were placed by Defendant Proteus, Inc., a private entity licensed as a foster family agency that contracted with the County for placement services (¶ 9), into a foster home in the care and custody of certain foster parents, Eli and Martha Mendoza. Complaint ¶¶ 14-15. Plaintiffs allege that while in the foster care of the Mendozas, Plaintiffs were sexually assaulted. *Id.* ¶¶ 17-25.  In the Complaint, Plaintiffs allege five causes of action seeking to hold the County and Proteus liable for damages the suffered in these assaults.[1] *Id.* ¶¶ 31-79.

3. Plaintiffs seek money damages from all Defendants for harms caused by these alleged assaults. The Complaint includes a *Monell* claim against the County, as well as state-law claims.

4. The claims in this action directly implicate and are grounded in substantial part upon policies and actions or inactions of the County in the care and supervision of Plaintiffs as minors.

5. Under California law, a "juvenile case file" of government agencies and the courts pertaining to the care and supervision of juveniles, including those in foster care, is confidential and may be inspected only by statutorily designated persons and governmental entities. Cal. Welf. & Inst. Code § 827 *et seq*.

6. Neither the attorneys for the Plaintiffs nor the County are statutorily authorized to receive and review the juvenile case file pertaining to the minor Plaintiffs without an order of the juvenile court, or of this Court.

7. California law defines "juvenile case file" to mean, for purposes of the confidentiality provision, "…a petition filed in a juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making the probation officer's report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer." Cal. Welf & Inst. Code § 827(e).

8. California law requires a person who is seeking access to a juvenile case file that is

---

[1] Nothing in this Stipulation amends, revises, or replaces the allegations of the Complaint. The summary in the Recitals in this Stipulation is intended only for showing the compelling basis for the County's need for access to the relevant files. Further, nothing herein waives any defenses or motions Defendants may have in response to the Complaint or any claim(s) made in it.

privileged or confidential, who is not entitled to access the record by statute, to petition the juvenile court for access. Cal. Welf & Inst. Code § 827(a)(2). Under California case law, when considering such a petition for access, the juvenile court "must balance the interests of the minor and those of the public, and permit disclosure only where not inconsistent with the best interests of the juvenile whose file is sought." *See, e.g., In re Elijah S.,* 125 Cal.App.4th 1552, 1542 (2005).

9. Federal courts are not bound by Cal. Welf. & Inst. Code § 827 in cases litigated in their courts. *Fox v. County of Tulare,* 2013 WL 120862697, at * 3 (E.D. Cal. 2013) ("Federal courts are not bound by state law and may authorize these disclosures" under § 827). The courts, however, respect state law and will apply a balancing process to determine if the interests in disclosure outweigh California public policy and the minor's interest in preserving confidentiality. *Id.*; *Maldonado v. Sec'y of Cal. Dept. of Corrections and Rehab.,* 2007 WL 4249811, at *5 (E.D. Cal. 2007). The court examines five factors: "(1) the probable encroachment of the individual's privacy right if the contested action is allowed to proceed, and the magnitude of that encroachment; (2) whether the encroachment of the privacy right would impact an area that has traditionally been off limits for most regulation [i.e., an area where privacy concerns have traditionally been respected]; (3) whether the desired information is available from other sources with less encroachment of the privacy right; (4) the extent to which the exercise of the individual's privacy rights impinge on the rights of others; and (5) whether the interests of society at large encourage a need for the proposed encroachment." *Fox, supra,* at * 3, *quoting Pagano v. Oroville Hosp.,* 145 F.R.D. 683, 698-99 (E.D. Cal. 1993).

10. The above standard in federal court cases applies where, as here, the basis for federal jurisdiction is a claim for damages under 42 U.S.C. § 1983. *Fox, supra; Maldonado, supra.*

11. Very recently, the Ninth Circuit held that minors have no federal constitutional privacy rights in juvenile case files under Welf. & Inst. Code § 827, and that access to those files in defending litigation was not a violation of privacy rights under federal or California law. *A.C. v. Cortez,* 34 F.4th 783, 786-88 (9th Cir. 2022). In *A.C.*. the minor plaintiffs sued the County of San Diego alleging violation of their Fourth Amendment rights by interviewing them without a court order or parental consent. In defense of that suit, San Diego County Counsel accessed plaintiffs' juvenile court records without authorization from the juvenile court. Plaintiffs later sued the County

under § 1983, alleging that accessing their juvenile files in the first case violated § 827 and hence violated their constitutional rights of privacy.  The district court dismissed the suit for failure to allege violation of a constitutional right, holding that access to the juvenile files was justified by the need for the information in defending the suit which outweighed any privacy interest the plaintiffs may have had.  The Ninth Circuit affirmed, holding that § 827 establishes no federal constitutional right of privacy in juvenile case files.  *Id.* at 786-87.  The Court further held that any release of confidential juvenile files under California law must meet a five-factor balancing test examining: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access."  *Id.* at 787-88, *quoting Seaton v. Mayberg,* 610 F.3d 530, 539 (9th Cir. 2010).  Applying this standard, the court agreed with the district court that access to the files was proper under the circumstances, and thus the § 1983 claim was properly dismissed without leave to amend.  *Id.* at 788-89.

12. In *A.C.,* the Ninth Circuit found the fourth factor, the degree of need for access, was "most crucial in this case, because that need is high."  *Id.* at 788.  The Court continued:  "The County's attorneys have a duty to represent their client, and they concluded that adequate representation required their reviewing the files. This situation is analogous to the concept of litigation waiver in other areas of the law: where a Plaintiff puts a particular subject at issue, such that lawyers and courts will need to examine records to investigate the claim, Plaintiffs' privacy rights and expectations may be diminished or extinguished."  *Id.*

13. Here, the County has an identical, if not greater, need for access to the files.  Unlike *A.C.,* the present suit directly claims damages from actions that are described and documented exclusively in the juvenile case files relating to their foster care and placement.  The County cannot investigate the allegations of this case and properly and informatively prepare a defense without access to the Plaintiffs' juvenile case files.  The County's counsel, both the County Counsel and outside counsel, are not statutorily authorized to access the Plaintiffs' files and thus require Court authorization.

14. Further, counsel for the Plaintiffs in the present action is not statutorily authorized to

4

access the juvenile case files.  Plaintiffs' counsel likewise needs access to those files to further investigate and litigate the legal claims alleged in the Complaint.  The files are crucial, and indeed indispensable, to both sides' needs to litigate and discover this case consistent with the objectives and processes of the federal rules.

15.  Further, adequate safeguards may be put in place in this action to limit the use of the information derived from the juvenile case files to proper purposes in this litigation.  The parties agree that a stipulated protective order is appropriate for this purpose.  The parties will prepare and submit a joint proposed protective order to the Court upon approval of the instant stipulation and entry of an order on it.

16.  The parties anticipate that the processes for obtaining and reviewing the files described above will take more time than is currently available for the County to file a response to the Complaint, which response is currently due on or before November 29, 2022.  The parties, accordingly, stipulate and request the Court order that the records identified in Exhibit "A' attached hereto ordered to be produced within 14 days of service of the Order and that County may have an extension of time until 21 days after the expiration of the 14 day service period of the Order, within which to file a pleading or motion(s) under Rule 12 or any other applicable provision of the federal rules.  In order to protect the confidentiality of the parties, the stipulation and Order are presented without the specific names of the minors and Defendant's counsel shall fill in the names of the minors and other identifying information on Exhibit "A" attached to the Order at the time the Order is served.

Dated:  November 28, 2022               McCORMICK, BARSTOW, SHEPPARD,
                                        WAYTE & CARRUTH LLP


                                 By:          */s/ Mart B. Oller, IV*
                                            Mart B. Oller, IV
                                  Attorney for Defendant COUNTY OF FRESNO

| | | |
|---|---|---|
| 1 | Dated: November 28, 2022 | GREENBERG GROSS, LLP |
| 2 | | |
| 3 | | By: _*/s/ Daniel S. Cha*_ |
| 4 | | Daniel S. Cha |
| 5 | | Attorney for Plaintiffs VERONICA HERNANDEZ; R.H., a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ; and M.H. a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ |

# **ORDER**

The day after the above stipulation (ECF No. 13) was filed by Plaintiffs and Defendant County of Fresno, the parties filed a stipulation (ECF No. 14) allowing Defendant Proteus, Inc. to join in the stipulation and to have an extension of time to respond to the complaint until after the relevant documents are produced. Based on the parties' stipulations (ECF Nos. 13, 14), IT IS ORDERED as follows:

1. The Court finds there is a critical need for the attorneys for the parties to this action to receive and review juvenile case files relating to the minor Plaintiffs (including Plaintiff Hernandez when she was a minor) and that adequate and effective safeguards, in the form of a Protective Order, may be put in place to limit disclosure and use of the information from those files outside this litigation.  Further, the Court finds that appropriate sealing orders may be entered to limit public access to specific documents and information, upon application of any party to this action or any third-party withstanding to make such a request for sealing.  *See* Local Rules 141, 141.1.

2. Counsel for the Plaintiffs and Defendants may access, receive and retain copies of documents located in juvenile case files pertaining to the Plaintiffs in the present case, relating to facts and circumstances of their care in the custody of the foster parents identified in the Complaint, Eli and Martha Mendoza, and relating to any investigation, supervision, monitoring, visitation, actions, inactions, or follow-up relating to that care, without intending any limitation on the scope of this order.

3. The specifics of types of information to which this Order pertains, and persons or agencies who may have possession of such files and documents, is set forth in Exhibit "A" hereto and is incorporated herein by this reference.  Said agencies/entities include CASA, the Fresno County Juvenile Court, and Fresno County Department of Children and Family Services, and said agencies/entities shall produce within 14 days of service of this Order all responsive records without redaction to counsel for Plaintiffs, Greenberg Gross LLP, Daniel Cha, 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626; Counsel for Defendant County of Fresno, McCormick Barstow, Mart Oller, 7647 North Fresno Street, Fresno, California 93720; and Counsel for Defendant Proteus, Inc., Hinshaw & Culbertson, LLP, Bradley Zamczyk and Carla

Meninsky, 50 California Street, Suite 2900, San Francisco, CA 94111.

4. To the extent the attorneys for the Defendants and Plaintiffs may obtain authorization from the subject foster-care agencies consistent with this Order without subpoenas, the attorney for the Defendants and Plaintiffs are authorized by this Order to obtain that access and receive copies of those files without further Order from this Court.

5. To the extent third-party subpoenas are required to obtain and access the documents described in this order, those subpoenas are supported by good case, so long as they are consistent with the scope of documents described in this Order, and require no further pre-approval from this Court, subject to any objections or motions made by the third-party recipients of such subpoenas.

4. Specific disputes or questions about the scope and applicability of this Order may be raised with the Magistrate Judge by notice to the court clerk for the Magistrate Judge, who will determine an expeditious way to resolve the dispute or respond to the question.

5. Any party who violates the terms of this Order is subject to Court sanctions.

6. Good cause appearing, the Defendants shall have an extension of time to and including 21 days after the expiration of the 14-day service period of the Order for production of documents, within which to file a pleading or motion(s) under Rule 12 or any other applicable provision of the Federal rules. Defendants' counsel shall fill in the names of the minors and other identifying information on Exhibit "A" attached to the Order at the time the Order is served.

IT IS SO ORDERED.

Dated: **November 30, 2022**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A TO ORDER

**Child's Name:** _____  **Date of Birth:** --/--/2005
**Child's Name:** _____  **Date of Birth:** --/--/2004
**Child's Name:** Veronica Hernandez  **Date of Birth:** --/--/2022

**Juvenile Case No.:** `   **Civil Case No.:** 1:22-CV-01145 ADA EPG

Each of the individuals listed above are siblings.

Additional Identifying Information for each Child

1. Name of Child's Biological Mother:

2. Child's Biological Mother's Date of Birth:

3. Name of Child's Biological Father:

4. Child's Biological Father's Date of Birth:

5. Year each Child Entered Foster Care:

Counsel for the County of Fresno, Mart B. Oller, IV, and counsel for Plaintiffs, Daniel Cha, are requesting the inspection, release, and copying of the juvenile case file as defined by California Rules of Court, rule 5.552 and Welfare and Institutions Code§ 827.  County of Fresno is a defendant in the underlying civil action filed by Veronica Hernandez, individually and on behalf of _____ and _____ in United States Eastern District Court Case No. 1:22-CV-01145 ADA EPG, and the information contained in the juvenile case file is both highly relevant and necessary for the assessment and defense of the underlying civil action.  All the information and evidence necessary to investigate and defend against the claims are contained in the records and documents described in the petition.

All documents filed in the Juvenile Court case; reports to the court by social workers of Child Welfare Services programs and court appointed special advocates; documents made available to social workers of Child Welfare Services programs, and court-appointed special advocates (CASA) in preparation of reports to the court; documents relating to the child concerning whom a petition has been filed in Juvenile Court, which are maintained in the office files of social workers of Child Welfare Services programs, and court appointed special advocates; transcripts, records or reports relating to matters prepared or released by the court or Child Welfare Services program; documents, video or audio tapes, photographs and exhibits admitted into evidence at Juvenile Court hearings.  In addition to the above, petitioner requests the release of any and all documents, reports,

photographs, video or audio tapes or records pertaining to the child in the possession and control of Fresno County Department of Children & Family Services, including but not limited to the following: All records from:

I.      Department of Children and Family Services Records (DCFS)

    A.      ADDITIONAL SERVICES DOCUMENTATION FOLDER

          [All Documents Not Appropriate for Filing in Any Other Folder]

          1. Case Transfer Sheets

    B.      CASE ACTIVITY RECORDING FOLDER

          1. Emergency Response Referral

          2. Detention Card (Copy)

          3. Risk Assessment Guide

          4. Risk Assessment Guide (Infants Prenatally Exposed to Drugs)

          5. Risk Assessment Guide (Prenatally Drug Exposed Infants Released to Relatives)

          6. Assessment Referral (TILP)

          7. ER: Initial Response (Case Termination)

          8. ER: Assessment/Service Plan

          9. FM, FR, PP: Assessment

          10. FM & FR: Re-assessment

          11. FM & FR: Service Plan

          12. PP: Assessment

          13. PP: Re-assessment

          14. PP: Service Plan

          15. Application for Petition (when used as initial assessment)

          16. Permanency Planning/Adoption Assessment

          17. Suspect Child Abuse Report (PC )

          18. Child Abuse Investigation Report

          19. Reports to/from Law Enforcement

          20. Adoption Assessment (Community)

21. Exception for Visitation
22. Case Activity Log
23. Service Activity Visit Log
24. Post-Placement Requirement Reduction Request
25. Face-to-Face Contact Exceptions

C. CIS DOCUMENTS FOLDER
1. CIS Fact Sheet
2. CIS Work Sheet
3. CIS Work Sheet (Supplement)
4. Child Information Summary (Original)
5. Confirmation Documents (Person)
6. Emergency Response Referral

D. COURT DOCUMENTS FOLDER
1. All narrative and Court Reports
2. All Notices, Subpoenas, Citations
3. In/Out (Affidavit for Attendance)
4. All Minute Orders

E. FCIS FOLDER [Foster Child's Data Record and AFDC-FC Certification]
1. DCS Certified License Pending
2. Child's Placement Needs Assessment Requiring DCS Certified License Pending
3. Home Assessment for DCS Certified License Pending
4. Maclaren Intake/Admissions
5. Child Placement Needs Assessment
6. Foster Child's Needs Assessment/Service Plan
7. ICPC (Fact Sheet)
8. Descriptive Information Sheet
9. Placement Request
10. Child in Placement

11. Agency/Relative Placement Agreement
12. Placement Termination
13. Notice of Intent to Terminate Placement
14. PP Transfer Notice to Caregiver
15. Notification of Placement of Minor in FC
16. Evaluation of FH [Foster Home]/GH [Group Home]
17. Application and Statement of Facts for Child (Foster Care)
18. Request for MEDs ID
19. MEDs (Add Child)
20. MEDs (Change/Modified Data)
21. Agency/Group Home Agreement
22. Placement Agreement (Parent-Agency)
23. Agency/Foster Parent Agreement
24. Letters of Legal Guardianship
25. Agency Foster Home Agreement [CDA 46]
26. Notification of Child's Adaptability
27. CII Clearance Request (F/P)
28. Placement History
29. Re-certification

F.  MEDICAL RECORDS FOLDER
G.  PSYCHOLOGICAL/MEDICAL/DENTAL/SCHOOL REPORTS FOLDER
    [Accident, Injury, or Death Reporting, Medical Consent/Authorizations,
    Psychological/Medical/Dental/School/Regional Center Reports]
    1. CHDP Documentation Check List
    2. Medical Consent (Court Order)
    3. Hospital Medical Summary
    4. Foster Child Background Medical
    5. Initial Examination Form
    6. Health Care Visit Log

      7. Report on Death, Injury, Mistreatment or Illness (CSW)

      8. Report on Death, Injury, Mistreatment or Illness (Foster Parent)

      9. General Medical Consent

      10. Authorization for Administration of Psychotropic Medication

      11. Birth Certificates (Child)

      12. Birth Records (Child)

      13. All Group Home Quarterly Reports

      14. All Medical/Psychological/Dental Reports

      15. All Other School Reports (I.E.P., Grade Reports, School Progress Reports, etc.)

      16. Fact Sheets (Incident Reports)

      17. ICPC/ICT Supervisory Reports

      18. Regional Center Reports

      19. Report Cards

      20. Psychological/Medical History [Adoptions]

      21. Child Medical Exam [Adoptions]

      22. Child's Progress Report [Adoptions]

H.    SEARCH FOLDER

      [All Individual Due Diligence Folders Containing Correspondence, Declaration of Due Diligence, Publication Packet]

I.    SERVICES ELIGIBILITY FOLDER (YELLOW)

      [AFDC-FC Eligibility, Applications for Services and Assistance, Trust Account Information, Service-Funded Activities, Ear]

      1. AFDC-FC Funeral Cost Program Affidavits

      2. Case Action Gram

J.    OUT-OF-HOME CARE EVALUATION UNIT RECORDS [FOSTER CARE DIVISION (DCS)]

K.    COMMUNITY CARE LICENSING [PUBLIC AND CONFIDENTIAL RECORDS] (DEPARTMENT OF SOCIAL SERVICES)

1     L.    JUVENILE COURT FILE
2     M.    ANY OTHER JUVENILE COURT RECORD (AS DEFINED UNDER WELFARE
3           AND INSTITUTIONS CODE SECTION 827) NOT DESCRIBED ABOVE THAT
4           IS RELEVANT TO THE ISSUES OF THIS CASE.