McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Mart B. Oller IV, #149186
7647 North Fresno Street
Fresno, California 93720
Telephone:  (559) 433-1300
Facsimile:  (559) 433-2300

Attorneys for COUNTY OF FRESNO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VERONICA HERNANDEZ; R.H., a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ; and M.H. a minor, by and through her Guardian ad Litem, VERONICA HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF FRESNO, a public entity; PROTEUS, INC., a corporation; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SOCIAL WORKER, an individual; DOE FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES SUPERVISOR, an individual; and DOES 1-40, inclusive,<br><br>Defendants. | Case No. 1:22-cv-01145-ADA-EPG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(ECF No. 16) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Veronica Hernandez, in her individual capacity and as Guardian ad Litem for M.H and R.H. ("collectively Plaintiffs") and Defendants County of Fresno and Proteus, Inc.("Collectively Defendants"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

**GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)**

Disclosure and discovery activity in this action are likely to involve production of confidential and protected information for which special protection from public disclosure and from

use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

The circumstances supporting the confidentiality of the juvenile files and records at issue in this case are set forth in the Stipulation and Order of November 30, 2022, Doc. 15, at 1-5 and 7. This Court's Order of that date has determined that there is good cause to allow the parties access to these juvenile records "and that adequate and effective safeguards, in the form of a Protective Order, may be put in place to limit disclosure and use of the information from those files outside this litigation. Further, this Court finds that appropriate sealing orders may be entered to limit public access to specific documents and information, upon application of any party to this action or any third party with standing to make such a request for sealing. *See* Local Rules 141, 141.1." Doc. 15, at 7:7-13.

**Statement Under L.R. 141.1(c)(1):**

Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of, or related to, juvenile proceedings and investigations that are protected from public disclosure under California law (*see* Cal. Welf. & Inst. Code § 827 *et seq.*);

b) The names and identities of the minor parties;

c) Facts and circumstances described in the juvenile proceedings, and in investigations leading to the juvenile proceedings, or related in any way to them;

d) Names and identifying information relating to third parties mentioned or involved in the juvenile proceedings and investigations;

e) Confidential medical and/or mental health records of Plaintiffs, and

/ / /

1         f)      Any other information properly deemed confidential under California law protecting

2   juveniles.

3   **Statement Under L.R. 141.1(c)(2):**

4   Generally speaking, information and documents shall only be designated under this
5 Protective Order because the Designating Party believes the information or documents are
6 confidential information that the Designating Party cannot, or would not, release publicly.
7 Confidential or personal information about juveniles is protected from disclosure under California
8 law. *See* Cal. Welf. & Inst. Code § 827 *et seq.* While this statute is not binding on federal courts,
9 federal courts respect its purposes and strive to maintain confidentiality of such records as much as
10 possible, consistent with federal rules. Unrestricted disclosure of such information could harm the
11 subject juveniles, impair the workings of the juvenile systems in place, and violate legitimate public
12 policy. Additionally, broader privacy interests must be safeguarded. Furthermore, Plaintiffs have
13 a constitutionally protected privacy interest in avoiding disclosure of their medical information,
14 especially in the context of allegations of sexual assault that occurred while they were minors.
15 *Norman-Bloodsaw v. Lawrence Berkely Laboratory*, 135 F. 3d 1260, 1269 (9th Cir. 1998); *Doe by*
16 *and through Tanis v. County of San Diego*, 576 F. Supp. 3d 721, 733-34 (S.D. Cal. 2021).
17 Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective
18 Order. Again, this Court has found that a Protective Order is called for to protect this information.
19 Doc. 15, at 7:7-13.

20   **Statement Under L.R. 141.1(c)(3):**

21   The parties submit that protecting the confidential nature of information in this way will be
22 most efficient for the parties and the Court. The contended liability issues in the instant case will
23 involve the mutual exchange of documents and other information that each party may consider to
24 be confidential, and may include information a party is mandated to keep confidential by state law.
25 Both Plaintiffs and Defendants will be impaired in their ability to prosecute and defend the claims
26 if they have no access to the subject juvenile files and records. The parties have met and conferred
27 on this issue and agree that the instant stipulation and proposed Order are a fair and workable way
28 to protect confidences and litigate the disputes.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

3
STIPULATED PROTECTIVE ORDER

**PROTECTIVE ORDER**

1. <u>DEFINITIONS</u>.

(a) The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items as Confidential or Protected Material under this Order.

(b) The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c). The term includes any matter deemed confidential and protected from public disclosure under California law relating to juveniles.

(c) The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff. If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" Documents and information shall be discussed to such additional or substitute counsel of record until they have agreed to this stipulation by executing the attached Exhibit A.

(d) The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

(e) The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(f) The term "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or the expert disclosure requirements under Fed. R. Civ. P. 26, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(g) The term "House Counsel" shall mean attorneys who are employees of a party to this action, and shall include, for the County and its departments, officers, and employees, County Counsel. House Counsel does not include outside counsel of record, or any other outside counsel.

/ / /

(h)     The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(i)     The term "Party" shall mean any party named in this action, including all of its officers, directors, employees, and consultants retained in the ordinary course of operation or business.

(j)     The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(k)     The term "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(l)     The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential."

(m)     The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2.    DESIGNATING PROTECTED MATERIAL.

(a)    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations as follows. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited, unless confidentiality of the designated materials is mandated by law, in a party's good faith interpretation of law. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for

1  protection, that Designating Party must promptly notify all other Parties that it is withdrawing the
2  mistaken designation.

3  (b) <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order or
4  as otherwise stipulated or ordered, discovery material and information that qualify for protection
5  under this Order must be clearly so designated before the material is disclosed or produced.  The
6  Designating Party must use reasonable efforts to ensure that the applicable legend appears on each
7  page of each file produced, as permitted by the particular format of a given Document.

8  (c) <u>Materials Subject to Designation</u>.  Each party to this litigation may designate any
9  Document, thing, interrogatory answer, admission, deposition testimony, and portions of such
10 materials, or other information which it has provided or which a third-party has provided as
11 "Confidential" in accordance with this Protective Order.  The party designating such information as
12 "Confidential" shall be known as the "Designating Party" and the designation shall be set out
13 thereon.  In designating Documents or information as "Confidential," the Designating Party's
14 counsel shall make a good faith determination, before applying the designation, that the information
15 warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.

16 (d) <u>Designating Originals or Tangible Items</u>.  In the event the Producing Party elects to
17 produce original Documents and things for inspection rather than produce copies of Documents, no
18 marking need be made by the Producing Party in advance of the initial inspection.  Thereafter, upon
19 selection of specified Documents for copying by the inspecting party, the Producing Party shall
20 mark the copies of such Documents as may contain protected subject matter with the appropriate
21 confidentiality marking at the time the copies are produced to the inspecting party.  Said marking
22 shall not delay the production of the copies.  Information obtained by counsel from initial review of
23 Documents, whether in written form or not, shall be maintained as "Confidential" unless such
24 information is produced without a designation of confidentiality, or as otherwise designated by the
25 Producing Party.

26 (e) <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to
27 designate qualified information or items does not, standing alone, waive the Designating Party's
28 right to secure protection under this Order for such material.  Upon timely correction of a

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
7647 North Fresno Street
Fresno, CA 93720

6
STIPULATED PROTECTIVE ORDER

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

   (a) <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   (b) <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   (c) <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Any motion seeking relief from the Court must comply with Local Rule 251, including the Joint Statement requirement, and Magistrate Judge Grosjean's written statement of Standard Procedures

1 Standing Order ¶ 2, including without limitation the requirement of an informal discovery 2 conference with Judge Grosjean and the Court's authorization before any formal discovery motion 3 is filed. Failure by the Designating Party to make such a motion, including the required declaration 4 within fourteen (14) days (or seven (7) days, if applicable), shall automatically waive the 5 confidentiality designation for each challenged designation. In addition, the Challenging Party may 6 file a motion challenging a confidentiality designation at any time if there is good cause for doing 7 so, including a challenge to the designation of a deposition transcript or any portions thereof. Any 8 motion brought pursuant to this provision must be accompanied by a competent declaration 9 affirming that the movant has complied with the meet and confer requirements imposed by the 10 preceding paragraph.

11       The burden of persuasion in any such challenge proceeding shall be on the Designating 12 Party. All parties shall continue to afford the material in question the level of protection to which it 13 is entitled under the Producing Party's designation until the Court rules on the challenge.

14       Nothing in this Paragraph 3(c) shall prevent the parties from jointly stipulating to the 15 Informal Telephonic Conference procedure set forth in Judge Grosjean's Standard Procedures, ¶ 2.

16 4.    <u>ACCESS TO "CONFIDENTIAL" MATERIALS</u>.

17     (a)    A Receiving Party may only use "Confidential" Materials that are disclosed or 18 produced by another Party or by a Non-Party in connection with prosecuting, defending, or 19 attempting to settle this litigation. Such "Confidential" Material may be disclosed only to the 20 categories of person and under the conditions described in this Order. When the litigation has been 21 terminated, a Receiving Party must comply with the provisions for Final Disposition of Protected 22 Material set forth below.

23     (b)    Unless otherwise ordered by the Court or permitted in writing by the Designating 24 Party, a Receiving Party may only disclose any information or item designated as "Confidential" to:

25         (i)    The Receiving Party's outside counsel of record, as well as employees of said 26 outside counsel of record to whom it is reasonably necessary to disclose this information;

27         (ii)    The officers, directors, and employees (including where applicable County 28 Counsel or a private party's House Counsel) of the Receiving Party to whom disclosure is

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

8
STIPULATED PROTECTIVE ORDER

reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

      (iii)    Experts (as defined in this Order) of the Receiving Party and employees of said Experts to whom it is reasonably necessary to disclose this information, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (iv)    The Court and its personnel;

      (v)    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (vi)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be so marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      (vii)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

5.    <u>STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY</u>.

The recipient of any Confidential materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

6.    <u>TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION</u>.

    (a)    <u>Deposition of the Authors and Recipients of Protected Material</u>. With respect to Documents designated as "Confidential," or as including "Confidential" material, any person indicated on the face of the Document to be its originator, author, or recipient may be shown the Documents. Additionally, any Document designated as "Confidential," or as including

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

9
STIPULATED PROTECTIVE ORDER

"Confidential" material may be shown to any employee of the Designating Party and/or the party that produced the Document so designated in this litigation during the deposition of that employee if the employee would otherwise have lawful access to or knowledge of the "Confidential" material contained in that Document.

(b) <u>Exclusion of Certain Persons From Protected Deposition Testimony</u>.  Any Party shall have the right to exclude from attendance at a deposition, during such time as the "Confidential" Documents or information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the parties' and deponent's counsel of record, deponent and the court reporter and/or videographer.  The Parties shall exercise restraint if and when excluding persons from a deposition pursuant to this paragraph.

(c) <u>Procedure for Designating Transcript Sections as Protected Material</u>.  Whenever a deposition taken on behalf of any party involves a disclosure of "Confidential" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until ten (10) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential,"  and the right to make such designation shall be waived unless made within the ten (10) day period.  During such ten (10) period, the entirety of the transcript shall be deemed designated "Confidential" to preserve the right of any Party to make a final designation of "Confidential" during that ten (10) day period.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "Confidential,"  that Party must:

(a) Promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

/ / /

/ / /

(b) Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. **PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION**.

(a) <u>Applicability</u>. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) <u>Notice Procedure</u>. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (iii) Make the information requested available for inspection by the Non-Party.

  (c) <u>Disclosure and Remedy</u>.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement into the stipulated protective order submitted to the court.

/ / /

11. <u>FINAL DISPOSITION</u>.

(a) <u>Upon Termination of this Action</u>.  Within sixty (60) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential."  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12. <u>MISCELLANEOUS</u>.

(a) <u>Right to Seek Modification</u>.  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

(b) <u>Right to Assert Other Objections</u>. By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

(c) <u>Filings of Protected Material</u>.  A Party that seeks to file under seal any Protected Material must fully comply with Local Rule 141.

Dated:  December 19, 2022

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: */s/ Mart B. Oller, IV*
Mart B. Oller, IV
Attorney for Defendant COUNTY OF FRESNO

1  Dated: December 19, 2022                          GREENBERG GROSS, LLP

                                                  By: */s/ Daniel S. Cha*
                                                          Daniel S. Cha
                                          Attorney for Plaintiffs VERONICA HERNANDEZ;
                                          R.H., a minor, by and through her Guardian ad
                                          Litem, VERONICA HERNANDEZ; and M.H. a
                                          minor, by and through her Guardian ad Litem,
                                                   VERONICA HERNANDEZ

9  Dated: December 19, 2022                        HINSHAW & CULBERTSON, LLP

                                                  By: */s/ Carla Meninsky*
                                                         Bradley Zamczyk
                                                         Carla Meninsky
                                              Attorneys for Defendant PROTEUS, INC.

**ORDER**

Upon review of the parties' stipulated protective order (ECF No. 16), the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "Confidential" to "mean information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)." Such a definition improperly allows the parties to deem information confidential so long as they subjectively believe that it qualifies for protection under Federal Rule of Civil Procedure 26(c) and without ever disclosing the types of information at issue as required by Local Rule 141(c)(1). Accordingly, the Court limits the definition of confidential information to those categories that the parties sufficiently identify as warranting protection in the section of the protective order titled "Statement Under L.R. 141.1(c)(1)," which includes, among other things, the names and identities of the minor parties.

Accordingly, IT IS ORDERED that the parties stipulated protective order (ECF No. 16) is approved as revised above.

IT IS SO ORDERED.

Dated:   **December 21, 2022**              /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE