UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA HERNANDEZ, et al., | No. 1:22-cv-01145-ADA-EPG |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN FULL |
| v. | (ECF Nos. 31, 37) |
| COUNTY OF FRESNO, et al., | |
| Defendants. | |

Plaintiff Veronica Hernandez, individually, and as the guardian ad litem for Plaintiffs R.H. and M.H. ("Plaintiffs"), brings this lawsuit alleging that Defendants failed to prevent and end abuse that Plaintiffs suffered while in foster care.

Upon referral, the assigned Magistrate Judge entered findings and recommendations on May 1, 2023, recommending that Defendant County of Fresno's motion to dismiss be denied. (ECF No. 37.) On May 15, 2023, Defendant filed objections, and on May 31, 2023, Plaintiffs filed a response to Defendant's objections. (ECF Nos. 38, 39.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendant's objections and Plaintiff's response, the Court finds the findings and recommendations to be supported by the record and proper analysis.

In its objections, Defendant County of Fresno ("County") argues that Plaintiff's second cause of action based on policy or custom of inadequate training should be dismissed. (ECF No. 38 at 2.) County argues that this case is most analogous to *Estate of Mendez v. City of Ceres*, 390 F. Supp. 3d 1189, 1207 (2019). The Court finds otherwise. *Estate of Mendez*, which involved an action brought by a family and estate of the minor who was fatally shot by a police officer, is factually distinguishable from the instant case. *Id.* at 1197. This case concerns Plaintiffs who were dependents entrusted to County and were placed with a foster parent who used his role to gain access to and sexually assault Plaintiffs, who were minors at the time. (ECF No. 25 at ¶ 3.) Further, contrary to County's interpretation, *Estate of Mendez* held that because the alleged prior instances were similar to the circumstances of the minor's shooting, and the instances constituted a pattern of violations rather than isolated incidents to which policymakers failed to respond or inadequately responded, under the totality of the allegations, the plaintiffs' claim for *Monell* liability under failure to train would be sufficient at the motion to dismiss stage. *Estate of Mendez*, 390 F. Supp. 3d at 1208.

Here, Plaintiffs offer five cases, demonstrating the County's allegedly unconstitutional customs, practices, and policies in the First Amended Complaint ("FAC"). (ECF No. 25 at 13-14.) For example, in *L.O. v. County of Fresno*, Fresno Sup. Ct. Case No. 21CECG00289, the plaintiff was allegedly placed in a foster home with a foster parent with a known history of criminal sexual misconduct, and the defendants, including the County, allegedly failed to conduct an adequate background check, to investigate potential abuse, and to adequately train employees, which resulted in the abuse of the plaintiff from November 2000 to April 2001. Another example in *A.A. v. County of Fresno*, Fresno Sup. Ct. Case No. 21CECG00432, involves a plaintiff that was allegedly placed from 2005 to 2016 with a foster parent who repeatedly sexually abused the plaintiff, but the defendants, including the County, failed to investigate. The three other cases allege prior instances that are similar to the circumstances of this action. (*Id.*) Because this appears to be a pattern of violations rather than isolated incidents which the County has failed to respond to, the Court finds that Plaintiff's claim for *Monell* liability sufficiently withstands the County's motion to dismiss.

Nonetheless, the County argues that the large time gaps between Plaintiffs' alleged cases

1  fail to indicate a pattern of violations to support a *Monell* claim.  In *Estate of Sanchez*, a five-year
2  gap between cases followed by a three-year gap presented a deficiency because it suggested that
3  there was only one incident in eight years' time.  *Estate of Mendez¸* 390 F. Supp. 3d at 1209.
4  However, in the FAC, Plaintiffs allege that they were sexually assaulted, molested, and raped on a
5  daily basis while housed through foster care from 2014 and 2016.  (ECF No. 25 at ¶¶ 18-20.)  Not
6  until later in 2016 were Plaintiffs removed from the foster home.  (*Id.* at ¶ 26.)  Plaintiffs' cases,
7  which each involved foster parents' sexual abuse towards the plaintiffs, spanned from 2000 to 2001
8  (*L.O. v. County of Fresno*), 2000 to 2004 (*Y.V. v. County of Fresno*), 2003 to 2005 (*Briseno v.*
9  *County of Fresno*), 2006 to 2009 (*A.D. v. County of Fresno*), and 2005 to 2016 (*A.A. v. County of*
10 *Fresno*).  (*Id.* at ¶ 46.)  There is no gap in timing between the cases, so the temporal relation and
11 consistency over the years support Plaintiffs' *Monell* claim.

12       Lastly, the County argues that Plaintiffs fail to allege facts concerning subsequent action or
13 inaction by the County in the wake of Plaintiffs alleged incidents.  (ECF No. 30 at 8.)  In the FAC,
14 Plaintiffs allege that the County maintained the policy, practice, or custom of "[i]nadequately
15 supervising and disciplining employees whom the County knew had violated foster children's
16 constitutional rights as set forth above."  (ECF No. 25 at ¶ 41.)  Plaintiffs allege that the County
17 "did not investigate or discipline" named social workers for "for failing to protect [Plaintiffs] from
18 [foster parent] and failing to ensure Plaintiffs' reasonable safety and minimally adequate care."  (*Id.*
19 at ¶ 45.)  Therefore, the Court finds that because the County failed to take any steps to reprimand
20 or otherwise act in response to the egregious conduct alleged by Plaintiffs, a policy may be inferred
21 from Defendant's conduct.  *See Estate of Mendez*, 390 F. Supp. 3d at 1211.  Overall, the Court
22 finds the County's objections unavailing and fully adopts the Magistrate Judge's findings and
23 recommendations.
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

1. The findings and recommendations issued on May 1, 2023, (ECF No. 37), are ADOPTED IN FULL;
2. Defendant County of Fresno's motion to dismiss, (ECF No. 31), is denied; and
3. This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:     September 12, 2023

UNITED STATES DISTRICT JUDGE